UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HANK HAULK,

        Plaintiff,

v.                                    CASE No. 8:07-CV-177-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

        Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[2] Because the Commissioner of Social Security improperly used the medical-vocational guidelines in determining that the plaintiff is not disabled, the Commissioner's decision will be reversed and the matter remanded for further consideration.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 8).

I.

The plaintiff, who was forty-three years old at the time of the administrative hearing and who has the equivalent of a high school education (Tr. 376), has worked primarily as a refrigeration technician (Tr. 89). He filed a claim for Social Security disability benefits on September 19, 2003, and subsequently testified that he is disabled due to back pain, depression, and asthma (Tr. 56, 379, 381, 384). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of a degenerative disc disorder and an affective disorder (Tr. 19). He concluded that these impairments limited the plaintiff to sedentary work, finding that the plaintiff retains the ability to lift ten pounds and stand or walk for two hours and sit for six hours in an eight-hour workday (Tr. 18). The law judge determined further that the plaintiff's "working memory" is somewhat limited or deficient (id.). Nevertheless, the law judge found the plaintiff's capacity for sedentary work is substantially intact and has not been compromised by any nonexertional limitations (Tr. 20). The law

judge concluded that, under these circumstances, the plaintiff was unable to return to his past relevant work (id.). However, the law judge decided, based upon the plaintiff's residual functional capacity, his age, and his education, that the medical-vocational guidelines indicated that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

   B. The law judge considered the plaintiff's claims under regulations designed to incorporate vocational factors into the determination of disability claims. Those regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569, 416.969. If an individual's situation varies

from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

### III.

The plaintiff challenges the law judge's decision on two grounds. At least one of the plaintiff's arguments has merit and warrants reversal of the law judge's decision.

The plaintiff contends that the law judge erred when he relied upon the medical-vocational guidelines to determine the existence of work in the national economy that the plaintiff could perform, instead of employing a vocational expert for such a determination (Doc. 11, pp. 10-16). In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985).

The plaintiff argues that the use of the grids was improper because he had a nonexertional impairment due to his depression. Unfortunately, the nature of the limitation from this impairment is not clear

-6-

from the law judge's decision. Thus, at one point, the law judge states that the plaintiff's depression results in, among other things, "mod[e]rate deficiencies of concentration, persistence, and pace, resulting in failure to complete task[s] in a timely manner" (Tr. 16). The plaintiff relies upon this finding in his argument on this issue (Doc. 11, pp. 14, 15).

However, the law judge also found that the plaintiff "evidenced adequate powers of concentration (ability to retain focus and attend) but [had] somewhat limited or deficient 'working memory' (ability to retain and work in his head with newly acquired information)" (Tr. 20). The Commissioner in his response to the plaintiff's argument points to this limitation (Doc. 12, pp. 13, 14, 15).

The limitation of a deficient working memory seems suspect to me. In the literally hundreds of Social Security cases I have handled over the years, this limitation, to my recollection, has never been expressed. Moreover, the finding by the law judge comes from a psychological evaluation made by a consulting psychologist in August 2000 after "a brief clinical assessment of [the plaintiff's] cognitive functioning" (Tr. 198).

In all events, even if the characterization of a deficient working memory is accepted over the characterization of a moderate impairment of concentration, persistence, or pace, the use of the grids would be improper. The law judge found that the plaintiff's affective disorder was a severe impairment. This means that the mental impairment significantly limits the plaintiff's mental ability to do basic work activities. 20 C.F.R. 404.1520(c), 404.1521. Under that circumstance, the grids could not used. Francis v. Heckler, supra.

Moreover, the law judge erred in simply opining that the plaintiff's nonexertional limitation in working memory does not "significantly erode the occupational base" (Tr. 19). Eleventh Circuit decisions establish that, with the presence of a nonexertional limitation, the law judge could not rely upon the grids, but was required to employ a vocational expert.

In Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989), a law judge found that the claimant had nonexertional limitations concerning performing complex tasks and tolerating extraordinary stress. The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the plaintiff was not

disabled. The Eleventh Circuit concluded that this was reversible error. Quoting Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981)(emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do <u>unlimited</u> types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in Marbury v. Sullivan, 957 F.2d 837 (11th Cir. 1992). There, a law judge found that a claimant had a nonexertional limitation regarding working around unprotected heights or dangerous moving machinery. He concluded that the claimant could perform a wide range of light work and therefore it was unnecessary to call a vocational expert. The court of appeals reversed, citing the foregoing quotation from Ferguson v. Schweiker and Allen v. Sullivan. The court added (957 F.2d at 839)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do <u>unlimited</u> types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him

>from performing a wide range of light work. <u>Allen</u>, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. <u>Id</u>. It was therefore error to rely upon the grids. <u>Sryock</u> v. <u>Heckler</u>, 764 F.2d 834, 836 (11th Cir. 1985).

<u>See</u> <u>also</u> <u>Welch</u> v. <u>Bowen</u>, 854 F.2d 436 (11th Cir. 1988).

For these reasons, it was error for the law judge to use the grids rather than a vocational expert. Accordingly, a remand is warranted.

The plaintiff also challenges the law judge's finding that the plaintiff's allegations regarding his limitations are "not totally credible in light of the evidence of record" (Tr. 19). The plaintiff argues that the law judge erred in rejecting his complaints of pain (Doc. 11, pp. 16-20). With respect to this contention, the plaintiff asserts that the law judge failed to give explicit reasons for rejecting the plaintiff's testimony concerning pain (<u>id</u>. at p. 17). In light of the prior conclusion that a remand is warranted, it is unnecessary to determine whether the alleged deficiency constitutes reversible error.

The Eleventh Circuit has established a standard for evaluating complaints of pain. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge decides not to credit a claimant's allegations of pain, he must articulate adequate reasons for doing so. Foote v. Chater, 67 F.3d 1553 (11th Cir. 1995).

The law judge recognized the proper standard for evaluating subjective complaints (Tr. 17). However, his credibility determination was limited to the following (id.):

> The undersigned finds that the testimony of the claimant is not fully credible concerning his symptoms and the extent of his limitations. The undersigned finds that neither the severity of his impairments nor the extent of his limitations is supported by the objective medical evidence of record. Furthermore, the limitations that do exist are adequately accommodated for in the claimant's residual functional capacity....

It is questionable whether this explanation for discounting the plaintiff's testimony is adequate. It is devoid of any specifics, so that meaningful judicial review is difficult, if not impossible.

On the other hand, the plaintiff's testimony appeared to me to be exaggerated and to go clearly beyond what was reflected in the record. Thus, it might be enough to say that the testimony is not supported by the objective medical evidence.

As indicated, because a remand is required on another issue, it is not necessary to resolve this close question.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED and the matter is REMANDED for further proceedings. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 3rd day of June, 2008.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE