UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HANK HAULK,

   Plaintiff,

v.            : CASE No. 8:07-CV-177-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

   Defendant.

ORDER

   This cause came on for consideration upon the plaintiff's Petition for Attorney's Fees (Doc. 15) filed by counsel for the plaintiff on September 3, 2008. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $2,186.25 in fees to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

   The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental

security income payments. This matter was reversed and remanded to the Social Security Administration by order of this court dated June 4, 2008 (Doc. 13). Judgment was therefore entered in favor of the plaintiff (Doc. 14). The plaintiff then filed this application for attorney's fees under the EAJA (Doc. 15).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $2,248.31 (Doc. 15). This amount represents 11.25 hours of service before the court in 2007 at an hourly rate of $168.62 and 2.0 hours in 2008 at an hourly rate of $175.67 by attorney Suzanne Harris (id., p. 5). The defendant's response states that he has no objection to the request (Doc. 18).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees

would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 13.25 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $168.62 per hour for work performed in 2007 and $175.67 per hour for work performed in 2008 (Doc. 15, p. 2). These requests have now plainly crossed into the area of unreasonableness.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether

the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per hour has, as of 2007, become a base of at least $165.00 per hour. Frankly, if that rate were subject to scrutiny following an objection, it would probably be found to be unreasonably high.

In all events, the request of more than $170.00 per hour for 2008 and $165.00 for 2007 is patently beyond the bounds of reason. In this respect, I consider that it is clearly unreasonable to award a lawyer who has prevailed in a Social Security case more than the maximum rate for criminal defense lawyers defending capital cases, which was $166 per hour in 2007 and $170 per hour in 2008. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a greater rate, or even a similar rate, than is paid to a criminal defense attorney defending a capital case. Accordingly, the request for a rate of $175.67 per hour for work done in 2008 and $168.62 for 2007 is rejected.

However, as I have already done in another case making a similar request, I will apply a rate of $165.00 per hour for work done in 2007, although that is only one dollar per hour less than was paid for work defending capital cases that year. Moreover, I will use that rate for work done in 2008.

Finally, it is requested that the attorney's fees be paid directly to plaintiff's counsel (Doc. 15, p. 5). In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a Social Security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff apparently has agreed to assign the EAJA award to his counsel (Doc. 15, p. 5).[*] Furthermore, the defendant has not raised any opposition to an award of attorney's fees under the EAJA directly to counsel in this circumstance (see Doc. 18). Therefore, by virtue of the fee assignment and the defendant's lack of opposition, the award of attorney's fees is payable to plaintiff's counsel in this case.

It is, therefore, upon consideration

---

[*] Plaintiff's counsel states that she attached the fee agreement allowing assignment to the motion for attorney's fees (Doc. 15, p. 5). However, their agreement was not included in the motion or the affidavits (see Docs. 15, 16, 17).

ORDERED:

That the plaintiff's Petition for Attorney's Fees (Doc. 15) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of $2,186.25 in attorney's fees to be paid to the plaintiff's counsel by the defendant pursuant to the EAJA.

DONE and ORDERED at Tampa, Florida, this 6th day of October, 2008.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE